1  Brent M. Karren, Esq. (State Bar No. 291038)
   bkarren@mgmlaw.com
2  Dustin C. Beckley, Esq. (State Bar No. 238692)
   dbeckley@mgmlaw.com
3  **MANION GAYNOR & MANNING LLP**
   444 S. Flower Street, Suite 2150
4  Los Angeles, CA  90071
   Tel:     (213) 622-7300
5  Fax:     (213) 622-7313

6  Attorneys for Defendants
   **THE BOEING COMPANY**

7
                    **UNITED STATES DISTRICT COURT**
8
                    **NORTHERN DISTRICT OF CALIFORNIA**
9

10 JOHN J. FINAZZO and LORNA M.          | Case No:
   WALEK;
11                                        | Alameda County Superior Court Case No.
                          Plaintiffs,     | RG14752443
12
         vs.                              | **DEFENDANT THE BOEING COMPANY'S**
13                                        | **NOTICE OF REMOVAL OF ACTION**
                                          | **UNDER 28 U.S.C. §1442(a) (FEDERAL**
14 3M COMPANY, et al.;                    | **OFFICER)**

15                        Defendants.

16

17

18

19        **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

20        PLEASE TAKE NOTICE that Defendant THE BOEING COMPANY ("Boeing") hereby

21 removes this action from the Superior Court of California for the County of Alameda to this

22 Court under 28 U.S.C. §§1442(a)(1) and 1446.  In support of this Notice, Boeing states as

23 follows:

24               **I.        STATE COURT PROCEEDINGS**

25        1.       Plaintiffs filed a complaint against Boeing in the Superior Court of California for

26 the County of Alameda on December 23, 2014.  Boeing was served on January 8, 2015.  Plaintiffs

27 allege that Plaintiff John J. Finazzo developed mesothelioma, which Plaintiffs assert was caused

28 by exposure to asbestos fibers.  (*See* Pls.' Compl., attached as Ex. A.)

**DEFENDANT THE BOEING COMPANY'S NOTICE OF REMOVAL OF ACTION
UNDER 28 U.S.C. § 1442(a) (FEDERAL OFFICER)**

2.      Plaintiffs generally allege that Plaintiff John J. Finazzo experienced secondary exposure to asbestos fibers emanating from certain products which his father, Francesco Finazzo, worked with or around that were manufactured by numerous defendants, including Boeing, during the course of his career.  The sources of alleged exposure include: his father's work as an airplane mechanic and hangar chief at the Ontario Airport National Guard Base in Ontario, San Bernardino County, California from 1964-1984; non-occupational automotive repair projects, in Fontana, San Bernardino County, California from 1964-1984; non-occupational alleged exposures while watching and playing around construction workers, in Fontana, San Bernardino County, California, in the mid-1970s; and non-occupational bystander exposure from construction as an undergraduate and graduate student at campuses of the University of California, at University of California, Riverside, Riverside County, California and University of California, Los Angeles, Los Angeles County, California, from 1982-1989.  (*See* Pls.' Compl., ¶ IV at 5:20-6:9; *see also* Pls.' Resps. to Joint Defense Interrogs. at 3:24, 4:13-18, 16:11-27, attached as Ex. B..)

3.      As to Boeing, Plaintiffs allege theories of products liability including Strict Products Liability, Negligence, Fraud, and Conspiracy to Defraud. (*See* Pls.' Compl., ¶ II at 3:20-5:12, First Cause of Action, Second Cause of Action, Fourth Cause of Action, and Fifth Cause of Action.)  Plaintiffs allege that Plaintiff John J. Finazzo was exposed to asbestos by the inclusion of asbestos-containing components in its products, specifically, North American Aviation and McDonnell Douglas Corporation aircraft.[1]  (*See, e.g.*, Pls.' Compl. at 6:25-7:4, attached as Ex. A; Pls.' Resps. to Joint Defense Interrogs. at 17:2-11, attached as Ex. B.)

## II.      GROUNDS FOR REMOVAL

4.      This Notice of Removal has been timely filed, in accordance with U.S.C. § 1446(b), within thirty days of the date that Boeing was served with Plaintiff's Complaint.

5.      This action is being removed on federal officer grounds pursuant to 28 U.S.C. § 1442(a). The basis for removal is that this action involves a person (Boeing) who, in relation to

---

[1]  Boeing has been named individually and as successor in interest to McDonnell Douglas Corporation ("McDonnell Douglas"), Rockwell International, Inc. and North American Aviation ("North American").  (*See* Pls.' Compl. at 5:9-11.)

2

**DEFENDANT THE BOEING COMPANY'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1442(a) (FEDERAL OFFICER)**

1   the claims being stated against it, acted under the authority, direction, and control of an officer or

2   agency of the United States and who can state a colorable federal law-based "government

3   contractor" defense to those claims.

4   　　　6.　　A case is removable under U.S.C. § 1442(a) "when the plaintiff discloses

5   sufficient facts for federal officer removal…" *Durham v. Lockheed Martin Corp.*, 445 F. 3d

6   1247, 1253 (9th Cir. 2006). Plaintiffs' complaint makes it clear that some of Plaintiff John J.

7   Finazzo's alleged asbestos exposure resulted from his father's contact with Boeing products that

8   were manufactured for and/or supplied to the United States military while serving in or working

9   for the California Air National Guard. (Pls.' Compl. at 5:20-26, attached as Ex. A; Pls.' Resps. to

10   Joint Defense Interrogs. at 16:10-17:11, attached as Ex. B.) *See Durham*, 445 F. 3d at 1253.  The

11   facts in *Durham* are analogous to those in the case at bar. The plaintiff's complaint in *Durham*

12   named Lockheed as a defendant and alleged asbestos exposure at Air Force facilities at which the

13   plaintiff worked, but did not specify which Lockheed products allegedly exposed him to asbestos.

14   *Id.* at 1249.  Lockheed removed the case to federal court within 30 days after receiving discovery

15   responses disclosing that the plaintiff was exposed to asbestos while working on its military

16   aircraft. *Id.* at 1249. The plaintiff filed a motion to remand, which was granted by the district

17   court. *Id.* at 1249-1250.  The plaintiff did not dispute, and the district court did not deny, that the

18   case was removable under 28 U.S.C. §1442(a).  However, the district court found that the case

19   was not timely removed, and remanded the case back to state court. *See id.* at 1249-1250.  The

20   Ninth Circuit reversed the district court's ruling, holding that Lockheed properly and timely

21   removed based on federal officer jurisdiction. *Id.* at 1254.  The Ninth Circuit, recognizing "a

22   clear command from both Congress and the Supreme Court that when federal officers and their

23   agents are seeking a federal forum, we are to interpret section 1442 broadly in favor of removal,"

24   explained that a case is properly removable under federal officer jurisdiction once "the plaintiff

25   discloses sufficient facts for federal officer removal…." *Durham*, 445 F.3d at 1253; *see also*

26   *Leite v. Crane Co.*, 749 F. 3d 1117, 1122 (9th Cir. 2014) (explaining that a case is properly

27   removable if facts exist supporting removal jurisdiction).

28

3
**DEFENDANT THE BOEING COMPANY'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1442(a) (FEDERAL OFFICER)**

7.    Accordingly, as in *Durham*, Plaintiffs' Complaint and discovery clearly allege that Mr. Finazzo's exposure to asbestos resulted from his father's contact with asbestos-containing products manufactured, distributed, or installed by McDonnell Douglas and North American while working on or around military aircraft as an aircraft mechanic and hangar chief in the Air National Guard, and therefore this matter is ripe for removal pursuant to 28 U.S.C. §1442(a).

8.    Boeing offers at this time the following statement and citations to authority in satisfaction of its obligations under 28 U.S.C. § 1446 to provide a short and plain statement of the legal and factual basis for its removal. However, if Plaintiffs pursue a motion to remand, Boeing requests an opportunity to respond more fully with additional factual and legal support for this Notice of Removal.

9.    Removal is appropriate under 28 U.S.C. § 1442(a)(1) whenever it is shown that: (1) the defendant is a person; (2) the defendant acted under the direction of a federal officer; (3) a "causal nexus" exists between the plaintiff's claims and the actions taken by the defendant under color of its federal office; and (4) the defendant has a colorable federal defense. *Mesa v. California*, 489 U.S. 121, 124-125, 123-135 (1989); 28 U.S.C. §1442(a) (1).)

10.    As a corporation, Boeing is a "person" for purposes of 28 U.S.C. § 1442(a)(1). *See, e.g., Ruppel v. CBS Corp.*, 701 F. 3d 1176, 1181 (7th Cir. 2012); *Isaacson v. Dow Chem. Co.*, 517 F. 3d 129, 135-36 (2d Cir. 2008); *Winters v. Diamond Shamrock Chem. Co.*, 149 F. 3d 387, 398 (5th Cir. 1998), *cert. denied*, 526 U.S. 1034 (1999); *Fung v. Abex Corp.*, 816 F. Supp. 569, 572 (N.D. Cal. 1992).

11.    In designing, manufacturing, supplying, testing, and repairing aircraft for the United States military, McDonnell Douglas and North American acted as government contractors under the detailed and ongoing direction and control of one or more federal officers.

12.    When McDonnell Douglas and North American entered into contracts with the United States government to design, manufacture, test, and specify military aircraft, the government maintained exclusive control over the design and development of the aircraft and required adherence to detailed specifications approved by the government. In sum, all relevant aspects of the design, manufacture, testing and repair of aircraft for the United States Armed

**DEFENDANT THE BOEING COMPANY'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1442(a) (FEDERAL OFFICER)**

1  Forces were subject to close, detailed, and ongoing supervision and control of the United States

2  government and its officers.

3       13.    Numerous federal courts have held, in light of similar facts, that military

4  contractors were "acting under a federal officer" in relation to the design, manufacture, and

5  supply of equipment to the United States government. *Durham*, 445 F. 3d at 1251; *Ruppel*, 701

6  F. 3d 1181.

7       14.    It is axiomatic that, if a defendant has been sued for asbestos-related injuries

8  purportedly arising from or relating to equipment that it manufactured and supplied to the United

9  States government under the government's detailed direction and control, that defendant has been

10  sued in relation to conduct under color of its federal office, satisfying the "causal nexus"

11  requirement. *See Ruppel*, 701 F.3d 1181; *Madden v. Able Supply Co.*, 205 F. Supp. 2d 695, 701-

12  02 (S.D. Tex. 2002).

13       15.    As to the element of a colorable federal law-based defense, Boeing hereby asserts

14  a government contractor defense under *Boyle v. United Technologies Corp.*, 487 U.S. 500, 512

15  (1988) in that: (1) McDonnell Douglas and North American designed, manufactured, and

16  supplied the aircraft at issue, as well as markings and manuals to accompany them, in accordance

17  with "reasonably precise specifications" promulgated or adopted by the United States

18  government; (2) the equipment, marking and manuals conformed with those specifications; and

19  (3) at all times relevant to this suit, the United States government was independently aware of

20  potential health hazards associated with asbestos exposure.

21       16.    The government contractor defense applies to Plaintiffs' failure-to-warn claims in

22  that (1) the United States government exercised its discretion and approved certain warnings for

23  aircraft designed, manufactured, and supplied by McDonnell Douglas and North American; (2)

24  McDonnell Douglas and North American provided the warnings required by the United States

25  government; and (3) McDonnell Douglas and North American warned the United States

26  government about any asbestos hazards that were known to McDonnell Douglas or North

27  American but not to the United States government. *Leite*, 749 F.3d at 1123; *Getz v. Boeing Co.*,

28  654 F. 3d 852, 866 (9th Cir. 2011).

**DEFENDANT THE BOEING COMPANY'S NOTICE OF REMOVAL OF ACTION
UNDER 28 U.S.C. § 1442(a) (FEDERAL OFFICER)**

17.    In addition, Boeing is entitled to federal officer removal under 28 U.S.C. §1442(a)(1) based upon the separate and additional federal defense of derivative sovereign immunity set forth in *Yearsley v. W.A. Ross Construction Co.*, 309 U.S. 18 (1940). The Court in *Yearsley* established that a government contractor, performing at the direction and authorization of a governmental officer, is immune from suit based upon performance of the contract. The *Yearsley* doctrine is satisfied here because the acts complained of were performed at the direction of Government officers acting pursuant to Government authorization, and if the Government had performed these acts directly, it would be immune from suit.

### III.    JURISDICTION

18.    Removal of this action is proper under 28 U.S.C. § 1442. Consistent with the short and plain statement of the law and facts set forth above, the federal district courts have original jurisdiction over the subject matter of this suit under 28 U.S.C. § 1442(a)(1) because McDonnell Douglas and North American were acting under an officer or agency of the United States government in relation to the claims stated against Boeing and Boeing can state at least a colorable federal law-based defense to said claims.  *See Ruppel*, 701 F. 3d at 1179-86.

### V.    INTRADISTRICT ASSIGNMENT

19.    Because this Court is the United States District Court for the district and division embracing the state court action in which this case was filed, it is the appropriate Court for removal under 28 U.S.C. § 1446(a) and L-R 3-5. However, Boeing notes that pursuant to L-R 3-2(c), none of the events or omissions giving rise to the claim appear to have occurred in this district and, as such, pursuant to 28 U.S.C. §§ 1404(a), 1406(a) the Court may order the action transferred to another district sua sponte.  Boeing reserves the right to move the Court for transfer to another district.

### VI.    PROCEDURAL COMPLIANCE

20.    Boeing is not required to notify, or obtain the consent of, any other defendant to this action in order to remove this entire suit pursuant to 28 U.S.C. § 1442(a)(1).  *See, e.g., Durham*, 445 F.3d at 1253; *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1034 (10th Cir. 1998); *Ely Valley Mines, Inc. v. Hartford Acc. & Indem. Co.*, 644 F. 2d 1310, 1314-1315 (9th Cir. 1981).

21.     In addition to Plaintiffs' Complaint, attached as Exhibit A, and Plaintiffs' Responses to Joint Defense Interrogatories, attached as Exhibit B, Boeing has attached those documents required by 28 U.S.C. § 1446(a) as Exhibit C.

22.     Written notice of the filing of this Notice of Removal is being given promptly to Plaintiffs by service hereof, and a copy of the Notice of Removal is being promptly filed with the Superior Court of California for the County of Alameda, as required by 28 U.S.C. § 1446(d).

23.     Wherefore, The Boeing Company, pursuant to these statutes and in conformance with the requirements of 28 U.S.C. §1446, removes this action from the Superior Court of California for the County of Alameda.

24.     Boeing reserves the right to submit affidavits or other evidence in support of removal or in opposition to a motion for remand, if necessary.

WHEREFORE, Boeing requests that this action proceed in this Court as a properly removed action.

Dated: January 30, 2015                    **MANION GAYNOR & MANNING LLP**

By: /s/ *Dustin C. Beckley*_____
Dustin C. Beckley, Esq.
Attorneys for Defendant
**THE BOEING COMPANY**

7
**DEFENDANT THE BOEING COMPANY'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1442(a) (FEDERAL OFFICER)**

## PROOF OF SERVICE BY ELECTRONIC TRANSMITTAL

I am a citizen of the United States and employed in Los Angeles County, California in the office of a member of the bar of this Court at whose direction the service was made. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 444 So. Flower St., Suite 2150, Los Angeles, CA 90071.

On January 30, 2015, I caused to be served the following documents described as:

**DEFENDANT THE BOEING COMPANY'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1442(a) (FEDERAL OFFICER)**

**(X) BY CM/ECF NOTICE OF ELECTRONIC FILING**:

I electronically filed the document(s) with the Clerk of Court by using the *CM/ECF* system. Participants in the case who are registered *CM/ECF* users will be served by the *CM/ECF* system. Participants in the case who are not registered *CM/ECF* users will be served by mail or by other means permitted by the court rules.

**(X) BY MAIL**: I placed a true copy of the above-listed document in a sealed envelope addressed to:
Justin Bosl
Carole Bosch
KAZAN, McCLAIN, SATTERLY & GREENWOOD
Jack London Market
55 Harrison Street, Suite 400
Oakland, California 94607
Attorneys for Plaintiffs
I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day at Los Angeles, California in the ordinary course of business.

I declare under penalty of perjury that the above is true and correct.

Executed on January 30, 2015, at Los Angeles, California.

*Jenny L. Prado*

_____
Jenny Prado

**DEFENDANT THE BOEING COMPANY'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1442(a) (FEDERAL OFFICER)**