Brent M. Karren, Esq. (State Bar No. 291038)
bkarren@mgmlaw.com
Dustin C. Beckley, Esq. (State Bar No. 238692)
dbeckley@mgmlaw.com
**MANION GAYNOR & MANNING LLP**
444 S. Flower Street, Suite 2150
Los Angeles, CA  90071
Tel:   (213) 622-7300
Fax:   (213) 622-7313

Attorneys for Defendant
**THE BOEING COMPANY**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| LORNA M. WALEK, individually and as successor-in-interest to JOHN J. FINAZZO, J.R.F., a minor, by her Guardian Ad Litem KRISTINE MARIE HOLM; J.M.F., a minor, by his Guardian Ad Litem KRISTINE MARIE HOLM; J.P.F., a minor, by his Guardian Ad Litem KRISTINE MARIE HOLM,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>THE BOEING COMPANY, et al.<br><br>　　　　　Defendants. | Case No. 5:15-CV-00309-DOC-DTB<br><br>**PROTECTIVE ORDER REGARDING CONFIDENTIAL AND EXPORT-CONTROLLED MATERIALS [308]** |

1. It is hereby ordered by the Court that the following shall apply to information, documents, testimony, excerpts from documents, and other materials produced in this action by United Technologies Corporation, Parker-Hannifin Corporation, Lockheed Martin Corporation, Honeywell International Inc., Continental Motors Inc., Wyeth Holdings Corporation or The Boeing Company pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of the Central District of California governing disclosure and discovery.

2. Information, testimony, documents and other materials may be designated ("Designated Material") by any of the parties listed in paragraph one, above, ("Designating Party") in the manner permitted as set forth in this Order. All such information, testimony, documents, excerpts from documents, and other materials will constitute "Designated Material" under this Order. The designations shall be (a) "CONFIDENTIAL"; (b) "SENSITIVE—SUBJECT TO EXPORT CONTROL—U.S. Arms Export Act, International Traffic In Arms Regulations, Export Administration Act, U.S. Export Administration Regulations," (hereafter: "Export-Controlled"); and/or, (C) "SENSITIVE—SUBJECT TO EXPORT CONTROL—U.S." and "Limited Distribution Information," (hereafter: "Limited Distribution.")

3. "CONFIDENTIAL" information means information, documents, or things that have not been made public by the Designating Party and that the Designating Party reasonably and in good faith believes contains or comprises (a) trade secrets, (b) proprietary business information, or (c) information implicating an individual's legitimate expectation of privacy.

4. Material designated as "CONFIDENTIAL" shall not be used or disclosed for any purpose other than the litigation of this action and may be disclosed only as follows:

    a. Parties: Material designated "CONFIDENTIAL" may be disclosed to parties to this action or attorneys, directors, officers, and employees of parties to

this action, who have a legitimate need to see the information in connection with their responsibilities for overseeing the litigation or assisting counsel in preparing the action for trial or settlement. Before Designated Material is disclosed for this purpose, each such person must agree to be bound by this Order by signing a copy of Exhibit A.

      b.     Other Persons: Material designated "CONFIDENTIAL" may be provided as necessary to copying services, translators, and litigation support firms. Before Designated Material is disclosed to such third parties, each such person must agree to be bound by this Order by signing a copy of Exhibit A.

      c.     Competitors: Material designated "CONFIDENTIAL" may not be provided to competitors of the Designating Party, including but not limited to in-house counsel for the Designating Party's competitors, their paralegals, or regularly employed office staff, but excluding local counsel for any defendant in this case. The Designating Party seeking to preclude distribution to competitors must furnish a list identifying the prior or present competitors to whom material designated "CONFIDENTIAL" may not be disclosed without permission. Any party that believes it is necessary to disclose material designated CONFIDENTIAL" to a competitor(s) of the Designating Party as defined herein, must obtain the approval of the Designating Party prior to disclosure of the Designated Material.

5.     The Designating Party shall designate any materials, testimony or information that it believes to be subject to U.S. Export Control Laws[1] as "SENSITIVE—SUBJECT TO EXPORT CONTROL—U.S. Arms Export Act, International Traffic In Arms Regulations, Export Administration Act, U.S. Export Administration Regulations." The Designating Party shall further designate any Export-

---

[1] U.S. Export Control Laws shall include, but not limited to, the International Traffic in Arms Regulations (22 CFR 120-130) ("ITAR"), the Export Administration Regulations (15 CFR 730 et seq.) ("EAR") and any regulations and orders administered by the Treasury Department's Office of Foreign Assets Control Regulations (31 CFR Chapter V).

PROTECTIVE ORDER
367736.1

Controlled documents that also contain a distribution limitation statement from the Department of Defense or any branch of the U.S. Military as "Limited Distribution Information" in addition to "SENSITIVE—SUBJECT TO EXPORT CONTROL—U.S. Arms Export Act, International Traffic In Arms Regulations, Export Administration Act, U.S. Export Administration Regulations."

6. Material designated as Export-Controlled may only be released, disclosed or made accessible to U.S. Persons (as that term is defined at 22 CFR. 120.15 and hereafter "U.S. Person" or "U.S. Persons") that are not named on any restricted or denied party/individual/entity list maintained by relevant government agencies, as determined by an appropriate screening process performed by the Designating Party releasing the materials, testimony, and/or information. This restriction applies to any Material designated as Export-Controlled, whether stored electronically on a server or otherwise. Before Designated Material is disclosed to any person, each such person must agree to be bound by this Order by signing a copy of Exhibit A.

7. In addition to the other requirements of this Order, by accepting Material designated as Export-Controlled, the receiving Party represents and warrants that he/she/it is a U.S. Person and that the receiving Party will comply with all applicable export, import and sanctions laws, regulations, orders, and authorizations.  By accepting documents designated as Limited Distribution, the receiving party further represents and warrants that he/she/it will comply with the limitation restrictions as set forth in the document as to disclosure and distribution of any such documents or information.

8. Prior to disclosing or displaying any Designated Material to any person, counsel shall:

   a. Inform the person of the confidential, Export-Controlled, or Limited Distribution nature of the Designated Material; and

   b. Inform the person that this Court has enjoined the use of the Designated Material by him/her for any purpose other than this litigation and has

enjoined the disclosure of that information or documents to any other person.

9. Designated Material may be displayed to and discussed with the persons as set forth in this Order only on the condition that, prior to any such display or discussion, each such person shall sign an agreement to be bound by this Order in the form attached hereto as Exhibit A.

10. A person having custody of Designated Material shall maintain it in a manner that limits access to the Designated Material to persons permitted such access under this Order.

11. Counsel shall maintain a collection of all signed documents by which persons have agreed to be bound by this Order.

12. Documents shall be designated by stamping or otherwise marking the documents with the words "CONFIDENTIAL," "SENSITIVE—SUBJECT TO EXPORT CONTROL—U.S. Arms Export Act, International Traffic In Arms Regulations, Export Administration Act, U.S. Export Administration Regulations," and, "Limited Distribution Information," thus clearly identifying the category of Designated Material for which protection is sought under the terms of this Order. Designated Material not reduced to documentary form shall be designated by the producing party in a reasonably equivalent way.

13. The Designating Parties will use reasonable care to avoid designating documents or information that does not need to be designated as such.

14. A party may submit a request in writing to the Designating Party that produced Designated Material that the designation be modified or withdrawn. If the Designating Party does not agree to the withdrawal or re-designation within fifteen business days, the objecting party may apply to the Court for relief. Upon any such application, the burden shall be on the Designating Party to show why the designation is proper. Before serving a written challenge, the objecting party must attempt in good faith to meet and confer with the Designating Party in an effort to resolve the matter.

15. When Export-Controlled testimony is given at a deposition or when Export Controlled Material is produced at a deposition, the Designating Party may exclude from the deposition all persons other than those to whom the Designated Material may be disclosed under this Order.

16. A party may mark Designated Material as a deposition exhibit, provided the deposition witness is one to whom the exhibit may be disclosed under this Order and the exhibit and related transcript pages receive the same designation as the original Designated Material.

17. Deposition transcripts, or portions thereof, may be designated either (a) when the testimony is recorded, or (b) by written notice to all counsel of record, given within ten business days after the Designating Party's receipt of the transcript, in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof in their possession or control as directed by the Designating Party. Pending expiration of the ten business days, the deposition transcript shall be treated as designated Export-Controlled and/or confidential.

18. Material designated as Export-Controlled may only be filed with a court under seal, identified as being subject to this Protective Order as Export-Controlled Material, and protected from being opened except by court order. Filing pleadings or other papers disclosing or containing Designated Material does not waive the designated status of the material. The Court will determine how Designated Material will be treated during trial and other proceedings as it deems appropriate.

19. At a hearing or trial, Export-Controlled information may only be introduced or disclosed or discussed in a closed courtroom or in chambers. No persons except for those permitted access by this Protective order shall be permitted to attend any hearing or trial at such time as Export-Controlled information is disclosed.

20. A party which reasonably anticipates that it will produce or that it will be requested to produce information or material at a hearing or discovery proceeding that is

PROTECTIVE ORDER
367736.1

or will be designated as Export-Controlled material must notify all parties of the same within 5 days of receiving notice of the hearing or discovery proceeding.  Parties who expect to attend any hearing or discovery proceeding where notice has been given about the possible disclosure of Export-Controlled material pursuant to this paragraph must provide to the Designating Party the names and sufficient personal information necessary to conduct the screening described in paragraph No. 6, above, of all persons whom they wish to attend the hearing or discovery proceeding.  The names and identifying information must be provided to the Designating Party at least 14 calendar days before the date noticed for the hearing or discovery proceeding.  The Designating Party will respond no later than 5 days before the hearing or discovery proceeding with the results of the screening.  Any party that fails to timely provide the names and necessary identifying information may waive its right to be present at the subject hearing or discovery proceeding.

      21.    Upon final termination of this action, all Designated Material and copies thereof shall be destroyed or promptly returned (no later than forty-five (45) days after entry of final judgment) to the Designating Party.  In the case of deposition testimony, the Designated Material shall be destroyed or permanently redacted, including any electronically stored transcripts or copies.  The receiving party shall provide to the Designating Party a certification that all Designated Materials have been returned or destroyed, or in the case of deposition transcripts, permanently redacted (including any electronically stored copies.)

      22.    Inadvertent production of confidential material prior to its designation as such in accordance with this Order shall not be deemed a waiver of a claim of confidentiality. Any such error shall be corrected within a reasonable time.

      23.    Nothing in this Order shall require disclosure of information protected by the attorney-client privilege, or other privilege or immunity, and the inadvertent production of such information shall not operate as a waiver. If a Designating Party becomes aware

PROTECTIVE ORDER
367736.1

that it has inadvertently produced information protected by the attorney-client privilege, or other privilege or immunity, the Designating Party will promptly notify each receiving party in writing of the inadvertent production. When a party receives notice of such inadvertent production, it shall return all copies of inadvertently produced material within three business days.

24. The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to Designated Material; or to object to the production of Designated Material; or to apply to the Court for an order compelling production of Designated Material; or for modification of this Order; or to seek any other relief from the Court.

25. The restrictions imposed by this Order may be modified or terminated only by further order of the Court.

IT IS SO ORDERED.

DATED: May 14, 2015

*David O. Carter*

Honorable David O. Carter
United States District Court Judge

PROTECTIVE ORDER
367736.1

## EXHIBIT A

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *LORNA M. WALEK, individually and as successor-in-interest to JOHN J. FINAZZO, J.R.F., a minor, by her Guardian Ad Litem KRISTINE MARIE HOLM; J.M.F., a minor, by his Guardian Ad Litem KRISTINE MARIE HOLM; J.P.F., a minor, by his Guardian Ad Litem KRISTINE MARIE HOLM v. The Boeing Company, et al.; Case No. 5:15-CV-00309-DOC-DTB* have been designated as confidential or Export-Controlled or Limited Distribution pursuant to the attached Protective Order, which has been entered by the Court. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court. I have been informed that any documents or Material labeled as "SENSITIVE—SUBJECT TO EXPORT CONTROL—U.S. Arms Export Act, International Traffic In Arms Regulations, Export Administration Act, U.S. Export Administration Regulations," contains information that is Export-Controlled by Order of the Court and under federal law. I have been informed that any document labeled as "Limited Distribution Information" contains a statement on the document that restricts or limits distribution or disclosure of that document and that such limited distribution restriction is the Order of the Court.

I attest that I am, a) a consultant retained by a party in this case and any Designated Material that I receive will be used solely to provide services related to this matter; or, b) not presently employed by a competitor of the Designating Party and do not have an intention to be employed or conduct any type of work whatsoever with or for any such competitor(s) in the immediate future.

I hereby agree that I will not disclose any information contained in such documents or Designated Material to any other person. I further agree not to use any such information for any purpose other than this litigation and pursuant to the restrictions set

9

PROTECTIVE ORDER
367736.1

forth in the protective order.

Name:

DATED:

Signature:

Signed in the presence of:

(Attorney)

PROTECTIVE ORDER

367736.1

**PROOF OF SERVICE BY ELECTRONIC TRANSMITTAL**

I am a citizen of the United States and employed in Los Angeles County, California in the office of a member of the bar of this Court at whose direction the service was made. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 444 So. Flower St., Suite 2150, Los Angeles, CA 90071.

On May 7, 2015, I caused to be served the following documents described as:

**PROTECTIVE ORDER REGARDING CONFIDENTIAL AND EXPORT-CONTROLLED MATERIALS**

 **(X) BY CM/ECF NOTICE OF ELECTRONIC FILING**:

I electronically filed the document(s) with the Clerk of Court by using the *CM/ECF* system. Participants in the case who are registered *CM/ECF* users will be served by the *CM/ECF* system.

I declare under penalty of perjury that the above is true and correct.

Executed on May 7, 2015, at Los Angeles, California.

_____
Jenny L. Prado

CERTIFICATE OF SERVICE

367736.1