UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

## CIVIL MINUTES – GENERAL

Case No. ED CV 15-0309 DOC (DTBx)          Date: March 9, 2016

Title: LORNA M. WALEK, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO JOHN J. FINAZZO, ET AL. V. THE BOEING COMPANY, ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Goltz | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER GRANTING MOTION TO REMAND [453]**

Before the Court is Plaintiffs' Motion to Remand (Dkt. 453). The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having reviewed the moving papers and considered the parties' arguments, the Court GRANTS Plaintiffs' Motion.

**I.   Background**

    **A.   Facts**

Generally, Plaintiffs allege Defendants exposed John Finazzo ("Finazzo") to asbestos and that asbestos was a substantial factor in causing mesothelioma and wrongful death. *See generally* Fourth Amended Complaint ("FOAC") (Dkt. 351). Finazzo was diagnosed with mesothelioma on or about October 15, 2014. *Id.* at 7. He passed away from complications of the disease on March 7, 2015, after filing this suit. *Id.* at 1.

Plaintiffs allege Finazzo was exposed to asbestos that his father, Francesco Finazzo, unknowingly transported into the family's home and vehicles on his clothes,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. ED CV 15-0309-DOC (DTBx)                          Date: March 9, 2016
                                                                                                                    Page 2

person, and effects while (1) working as an aircraft mechanic on the base of the Army National Guard at the Ontario International Airport, and (2) removing, replacing, or otherwise working on automotive brakes on the vehicles of family and friends. *Id.* at 5–6.

Finazzo's surviving spouse, Plaintiff Lorna Walek ("Walek"), is his successor in interest. *Id.* She and their three minor children, J.R.F., J.M.F., and J.P.F., by and through their guardian ad litem Kristine Marie Holm, bring suit to recover damages for survivorship, loss of consortium, and wrongful death. *Id.* at 1, 8.

Plaintiffs bring claims for (1) strict products liability, *id.* at 8–11; (2) negligence, *id.* at 11–13; and (3) fraud, *id.* at 13–15. They also bring claims for conspiracy against certain Defendants. *Id.* at 20.

## B.     Relevant Procedural History

On December 23, 2014, Plaintiffs filed suit in Alameda County Superior Court. Complaint ("Compl.") (Dkt. 1-1). This case was removed to federal court on January 30, 2015 (Dkt. 1). The removing Defendant – The Boeing Company – stated the action was "being removed on federal officer grounds pursuant to 28 U.S.C. § 1442(a)." Notice of Removal (Dkt. 1).

On May 28, 2015, Plaintiffs filed the FOAC. The defendants named in the FOAC include The Pep Boys Manny Moe & Jack of California ("Pep Boys"), Continental Motors Inc. ("Continental"), The Goodyear Tire & Rubber Co. ("Goodyear"), and IMO Industries Inc. ("IMO"). *See generally* FOAC.

Plaintiffs filed the instant Motion on January 25, 2016. Mot. at 1. When Plaintiffs filed the Motion, four Defendants remained.[1] In the instant Motion, Plaintiff states that of these four Defendants, only Pep Boys, Continental, and Goodyear were "pertinent to this motion" because Defendant IMO does not oppose the Motion. Mot. at 3; Declaration of Ian A. Rivamonte ("Rivamonte Decl.") (Dkt. 453-2) ¶ 15. However, on February 4, 2016, the Court issued the Order for Dismissal Without Prejudice of Defendant Continental Motors, Inc. (Dkt. 463). Thus, Continental is no longer a party to this suit.

---

[1] The day Plaintiffs filed the instant Motion, Plaintiffs also filed a Stipulation of Dismissal with Prejudice of Defendant Shell Oil Company (Dkt. 452). The Court granted the dismissal the following day (Dkt. 454). Given the fact that Plaintiffs stated there were only four remaining Defendants, the Court concludes Plaintiffs filed the instant Motion assuming Shell Oil Company was no longer a party to the suit.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. ED CV 15-0309-DOC (DTBx)                                                    Date: March 9, 2016
                                                                                                                                             Page 3

On February 1, 2016, Defendant Goodyear filed an Opposition (Dkt. 455). Defendant Goodyear is the only Defendant that opposes the instant Motion.[2] Plaintiffs replied to Goodyear's Opposition on February 8, 2016 (Dkt. 468).

## II.     Legal Standard

Here, Defendants assert removal jurisdiction under 28 U.S.C. § 1442(a), the federal officer removal statute, which "authorizes removal of a civil action brought against any person 'acting under' an officer of the United States 'for or relating to any act under color of such office.'" *Leite v. Crane Co.*, 749 F.3d 1117, 1120 (9th Cir. 2014) (quoting 28 U.S.C. § 1442(a)(1)).[3] "A party seeking removal under section 1442 must demonstrate that (a) it is a 'person' within the meaning of the statute; (b) there is a causal nexus between its actions, taken pursuant to a federal officer's directions, and plaintiff's claims; and (c) it can assert a 'colorable federal defense.'" *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006).

A plaintiff who contests the existence of removal jurisdiction may file a motion to remand, "the functional equivalent of a defendant's motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1)." *Leite*, 749 F.3d at 1122. The district court must remand the case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). As under Rule 12(b)(1), a motion to remand "may raise either a facial attack or a factual attack on the defendant's jurisdictional allegations." *Leite*, 749 F.3d at 1122.

Generally, to protect the jurisdiction of state courts, removal jurisdiction should be strictly construed in favor of remand. *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) (citing Shamrock Oil & Gas Corp. v. Sheet, 313 U.S. 100, 108–09 (1941)). "However, that is not the case concerning the federal officer removal statute," 28 U.S.C. 1442. *CHARLES FORD, et al., Plaintiffs, v. FOSTER WHEELER USA CORPORATION, et al., Defendants.*, No. 15-CV-05426-JSW, 2016 WL 551234, at *2

---

[2] On February 1, 2016, Defendant Pep Boys filed a Notice of Non-Opposition (Dkt. 457). Defendant IMO did not file a notice of non-opposition, but previously stipulated it would not oppose Plaintiffs' Motion. Rivamonte Decl. Ex. N (Dkt. 453-7) ("Stipulation Between Plaintiffs and Defendant IMO Industries, Inc. Re: Plaintiffs' Motion to Remand").

[3] In full, 28 U.S.C. § 1442(a)(1) provides:
(a) A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
(1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. ED CV 15-0309-DOC (DTBx)                                                 Date: March 9, 2016
                                                                                                                                             Page 4

(N.D. Cal. Feb. 12, 2016); *see Leite*, 749 F.3d at 1122 ("We recognize that defendants enjoy much broader removal rights under the federal officer removal statute than they do under the general removal statute, 28 U.S.C. 1441."). Section 1442 is interpreted broadly in favor of removal, *Durham*, 445 F.3d at 1252,[4] and a defendant is not required to "win his case before he can have it removed." *Willingham v. Morgan*, 395 U.S. 402, 407 (1969). Still, the party seeking removal bears the burden of establishing federal jurisdiction for purposes of removal. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

### III. Discussion

As noted above, only Defendant Goodyear opposes Plaintiff's Motion. Therefore, the Court will address Defendant Goodyear's responses to Plaintiff's arguments that jurisdiction is not proper in this Court.

#### A. Defendant Goodyear

Defendant Goodyear alleges federal officer jurisdiction exists under 28 U.S.C. § 1442. Plaintiffs raise a "factual attack" on these allegations concerning federal officer jurisdiction. Specifically, Plaintiffs contest "the truth of [defendant's] allegations regarding the existence of a colorable federal defense and the requisite causal nexus." Mot. at 5 (citations omitted). "Because [p]laintiffs have raised a factual attack on [Goodyear's] jurisdictional allegations, [Goodyear] must support its allegations with competent proof." *Leite*, 749 F.3d at 1122. Specifically, Goodyear bears the burden of proving by a preponderance of the evidence that the colorable federal defense and causal nexus requirements for removal jurisdiction have been met. *Id.*[5] The Court will address whether Goodyear has met this burden with respect to Plaintiff's design defect claims and failure-to-warn claims.

##### 1. Design Defect Claims

The Court turns first to Plaintiffs' design defect claims against Defendant Goodyear.

###### a. Colorable Government Contractor Defense

---

[4] The Court also notes that, "[u]nlike other defendants, a federal officer can remove a case even if the plaintiff couldn't have filed the case in federal court in the first instance." *Durham*, 445 F.3d at 1253.

[5] As was the case in *Leite*, *see Leite*, 747 F.3d at 1122 n.4, Plaintiff does not dispute Defendant Goodyear is a "person" for purposes of § 1442.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. ED CV 15-0309-DOC (DTBx)                                             Date: March 9, 2016
                                                                                                                                   Page 5

Goodyear argues it satisfies the third requirement for federal officer jurisdiction "because Goodyear has a colorable federal defense: the government contractor defense." Opp'n at 8.

"Liability for design defects in military equipment cannot be imposed [on military contractors], pursuant to state law, when (1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States." *Boyle v. United Tech. Corp.*, 487 U.S. 500, 512 (1988). The first two *Boyle* requirements "are designed to assure that the defense is only available when the United States is exercising its discretionary function." *Prewett v. Goulds Pumps (IPG)*, No. C09-0838 RSM, 2009 WL 2959877, at *6 (W.D. Wash. Sept. 9, 2009). In other words, "they assure that the design feature in question was considered by a Government officer, and not merely by the contractor itself." *Boyle*, 487 U.S. at 512. The Ninth Circuit summarized the government contractor defense as follows:

> [S]tripped to its essentials, the military contractor's defense under *Boyle* is to claim "The Government made me do it." *Boyle* displaces state law only when the Government, making a discretionary, safety-related military procurement decision contrary to the requirements of state law, incorporates this decision into a military contractor's contractual obligations, thereby limiting the contractor's ability to accommodate safety in a different fashion.

*In re Hawaii Fed. Asbestos Cases*, 960 F.3d 806, 813 (9th Cir. 1992) (quoting *In re Joint E. and S. Dist. N.Y. Asbestos Litig.*, 897 F.2d 626, 632 (2d Cir. 1990)).

Here, Plaintiff argues Goodyear's opposition evidence is inadmissible for a variety of reasons. Reply at 3.[6] Plaintiff further asserts that, even if the Court considered the merits of Goodyear's opposition evidence, such evidence still fails. Reply at 9. Specifically, Plaintiffs contend that, "Goodyear's evidence, at best, shows that the Air Force required Goodyear to supply brakes that met certain performance requirements" but "there is no evidence that the Air Force issued any design specification or other command compelling Goodyear to use asbestos in its brakes to satisfy the Air Force's broad performance specification." *Id.* at 11. Plaintiffs also argue Goodyear failed to show the Air Force specifically directed Goodyear to use asbestos in its aircraft-brake linings.

---

[6] In *Leite*, the Ninth Circuit explained the defendant must support its jurisdictional allegations with "competent proof" under "the same evidentiary standard that governs in the summary judgment context." *Leite*, 749 F.3d at 1122; *see also id.* at 1123.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. ED CV 15-0309-DOC (DTBx)                                                Date: March 9, 2016
                                                                                                                                                        Page 6

*Id.* at 9–10. The Court agrees with Plaintiffs – even if the opposition evidence is admissible, Defendant Goodyear has failed to show it has a colorable government contractor defense to Plaintiffs' design defect claims.

      As a preliminary matter, the Court clarifies that one way to show "'reasonably precise specifications' is to prove that the United States required the defect, in this case asbestos, but it is not the only way." *Prewett*, 2009 WL 2959877, at *5. For instance, "proof that the government was involved in the decision to use asbestos or proof that the government and the contractor engaged in a 'continuous back and forth' review process regarding the defective feature will also suffice." *Id.* (citations omitted). However, "[s]imply approving or 'rubber stamping' a design will not satisfy the first *Boyle* prong." *Getz v. Boeing Co.*, 690 F. Supp. 2d 982, 991–92 (N.D. Cal. 2010) *aff'd*, 654 F.3d 852 (9th Cir. 2011) (citations omitted); *see also McKay v. Rockwell Int'l Corp.*, 704 F.2d 444, 450 (9th Cir. 1983) ("When only minimal or very general requirements are set for the contractor by the United States the rule is inapplicable. The situation is different where the United States reviewed and approved a detailed set of specifications."). In addition, as Plaintiffs correctly note, "mere performance standards, as opposed to design specifications, do not constitute 'reasonably precise specifications.'" *Getz*, 690 F. Supp. 2d at 992 (citing *Hawaii*, 960 F.2d at 813).

      To support its argument that the Air Force approved precise specifications for aircraft and aircraft brakes, Defendant Goodyear points to portions of the report of Thomas F. McCaffery ("McCaffery"), "a former Navy commander and professional military historian." Opp'n at 2, 9–10; *see* Declaration of Thomas F. McCaffery ("McCaffery Decl.") (Dkt. 455-4).[7]

      The Court finds the evidence (assuming such evidence is admissible) Defendant Goodyear cites insufficient to show the United States approved reasonably precise specifications. *See Leite*, 749 F.3d at 1122 ("[A] defendant seeking to remove an action may not offer mere legal conclusions; it must allege the underlying facts supporting each of the requirements for removal jurisdiction."); *see also id.* at 1121 ("[T]he [defendant] must support [its] jurisdictional allegations with 'competent proof' . . . under the same evidentiary standard that governs in the summary judgment context.") (citations omitted). First, Defendants have not shown the specifications to which they cite required the use of asbestos. Further, Defendant Goodyear does not provide any specific evidence that the Armed Forces "substantively considered the use of asbestos and made a discretionary decision to approve it, putting contractual requirements in conflict with state law."

---

[7] The report is attached to the declaration, but is not labeled as an exhibit. The Court will refer to this separately numbered report as the "McCaffery Report."

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. ED CV 15-0309-DOC (DTBx)                                                            Date: March 9, 2016
                                                                                                                                                            Page 7

*Prewett*, 2009 WL 2959877, at *6. The McCaffery Report does state that "[a]ll materials used in the construction of aircraft and their components, if any, were furnished in accordance with U.S. Government specifications approved by the Armed Forces," and that "all materials used in military aircraft and their components were subject to a thorough review by the Armed Forces and specifically approved for use by the Armed Forces." McCaffery Report at 10. However, these statements are too vague and conclusory to amount to a showing of reasonably precise specifications. *See Prewett*, 2009 WL 2959877, at *6. ("He states that '[t]he U.S. Navy had complete control over every aspect of every piece of equipment. Military specifications governed every significant characteristic of the equipment used on U.S. Navy ships . . . .' In addition, 'The Navy retained the 'final say' over the design of any piece of equipment, and made the ultimate decisions, whether engineering or contractual." These statements are too vague to amount to a showing of reasonably precise specifications. That the Navy had the 'final say' over its equipment does not indicate anything beyond mere rubber stamping."). The Court cannot conclude the phrase Mr. McCaffery uses – "thorough review" – suffices as competent proof that "the government was involved in a decision to use asbestos or proof that the government and the contractor engaged in a 'continuous back and forth' review process regarding the defective feature." *Id.* at 5. Similarly, the assertion that "[a]ll materials were either specified or approved by the U.S. Armed Forces," McCaffery Report at 21, is similarly vague and conclusory and does not necessarily "indicate anything beyond rubber stamping." *Prewett*, 2009 WL 2959877, at *6; *cf. Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1061 (9th Cir. 2011) ("To survive summary judgment, a plaintiff must set forth non-speculative evidence of specific facts, not sweeping conclusory allegations.") (citations omitted).

     Defendant Goodyear's reference to a large number of specifications is also unavailing. Simply stating, "[t]he McCaffery Report includes voluminous specifications," and that "[t]here is no reasonable argument that these are not detailed or precise," Opp'n at 10, is insufficient, particularly given that Defendants merely direct the Court to Exhibits R through V of the McCaffery Report without any further explanation. *Id.* These exhibits contain at least hundreds of pages. It is not the Court's task to "scour the record" in search of competent evidence. *Keenan*, 91 F.3d at 1279; *see also Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001) ("The district court need not examine the entire file for evidence establishing a genuine issue of fact, where the evidence is not set forth in the opposing papers with adequate references so that it could conveniently be found.").[8] Moreover, "'[r]easonably precise' is not based on the

---

[8] Because the Ninth Circuit has directed the Court – when analyzing a Plaintiff's "factual" attack – to apply the "same evidentiary standard that governs in the summary judgment context" to determine whether a defendant has supported its jurisdiction allegations with "competent proof," *Leite*, 749 F.3d at 1122–23, the Court applies the case

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. ED CV 15-0309-DOC (DTBx)                      Date: March 9, 2016
                                                                                                                    Page 8

'sheer number of specifications,' but whether the specifications demonstrate a discretionary decision conflicting with state law." *Prewett*, 2009 WL 2959877, at *6 (quoting *Holdren v. Buffalo Pumps., Inc.*, 614 F. Supp. 2d 129, 142–43 (D. Mass. 2009)). Defendant Goodyear has provided the Court with a large number of specifications but has failed to "present evidence demonstrating a conflict." *Id.*[9]

In sum, the Court concludes Defendant has failed to "identify with reasonable particularity the evidence" showing the colorable federal defense requirement for removal jurisdiction has been met with respect to the design defect claims. *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (internal quotation marks and citation omitted). Because Defendant Goodyear has failed to meet the first element of the government contractor defense as to design defect claims, the Court not need reach the other elements of the defense.

### b.     Causal Nexus

In a government contractor case, the causal nexus requirement "is essentially the same as the colorable defense requirement." *Prewett*, 2009 WL 2959877, at *7. To satisfy the requirement, "[t]he defendant must show that the Government made a discretionary decision regarding product design that conflicted with state law, therefore *causing* the defendant to violate state law." *Id.* For the same reasons that there is no colorable federal defense, there is also no causal nexus with respect to the design defect claims. *See id.*

### 2.     Failure-to-Warn Claims

The Court now turns to Plaintiffs' failure-to-warn claims against Defendant Goodyear.

### a.     Colorable Government Contractor Defense

---

law from the summary judgment context explaining the Court's role and the nonmoving party's role as follows: "[i]t is not our task, or that of the district court, to scour the record in search of a genuine issue of triable fact. We rely on the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment." *Keenan*, 91 F.3d at 1279 (internal quotation marks and citation omitted).

[9] Moreover, it appears that Mr. McCaffery is not merely using Exhibits R through V to his report – which contain "voluminous specifications," Opp'n at 10, "as data upon which an expert in his field would reasonably rely in forming an opinion," but rather as "substantive evidence of his ultimate conclusions" that the Air Force approved reasonably precise specifications for aircraft and aircraft components. *Turner v. Burlington N. Santa Fe R. Co.*, 338 F.3d 1058, 1062 (9th Cir. 2003). Goodyear has not shown that these documents are admissible for a non-hearsay purpose or under an exception to the hearsay rule. *See* Fed. R. Evid. 801, 802, 803.

Defendant Goodyear argues Plaintiffs' failure-to-warn claims are also barred by the government contractor defense. Opp'n at 12. To establish the government contractor defense in the context of Plaintiffs' failure-to-warn claims, Goodyear "will ultimately have to prove that (1) the [Air Force] exercised its discretion and approved certain warnings for [Goodyear's] products, (2) [Goodyear] provided the warnings required by the [Air Force], and (3) [Goodyear] warned the [Air Force] about any asbestos hazards that were known to [Goodyear] but not to the [Air Force]." *Leite*, 749 F.3d at 1123. "These elements are simply the *Boyle* elements made applicable to warnings." *Prewett*, 2009 WL 2959877, at *7. Thus, "[a]s with design defect claims, the underlying crux of the defense is that the government must make a discretionary decision as to product warnings that significantly interferes with the contractor's ability to abide by state law, thus creating a conflict between a federal interest and a state law duty." *Id.* (citing *Boyle*, 487 U.S. at 511–12).

To satisfy this standard, "a contractor can show that the government prohibited warnings in general, that it prohibited warnings as to the specific feature in question, that it dictated specific warnings, that there was a 'back and forth' discussion between the contractor and the government with respect to the warnings, or make some other showing that the government made a discretionary decision that preempted state law." *Id.* (citations omitted). The government contractor defense is not limited to "instances where the government forbids additional warning or dictates the precise contents of a warning." *Getz v. Boeing Co.*, 654 F.3d 852, 867 (9th Cir. 2011).

With respect to the failure-to-warn claims, Plaintiff again asserts all of Defendant Goodyear's evidence should be excluded on evidentiary grounds. Reply at 13. Plaintiff further argues there is no evidence suggesting that Goodyear's failure to warn should be attributed to the Air Force and that Goodyear does not identify any conflict between its duties under state law and conformance with Air Force specifications. *Id.*

The Court need not resolve Plaintiffs' extensive evidentiary objections to all of the opposition evidence because Defendant Goodyear has failed to make a colorable showing as to the elements of the federal contractor defense. Specifically, Defendant Goodyear does not address the second element of the government contractor defense – whether Goodyear provided the warnings required by the Air Force. Goodyear asserts there were Air Force specifications regarding markings on aircraft parts and that the Air Force required markings and warnings other than for asbestos. Opp'n at 13. However, nowhere in its Opposition does Goodyear indicate it actually provided the warnings the Air Force required.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---:|
| Case No. ED CV 15-0309-DOC (DTBx) | Date: March 9, 2016 |
| | Page 10 |

In its statement of facts, Defendant Goodyear includes the following: "All materials used in the construction of aircraft and their components, including asbestos-containing components, if any, were furnished in accordance with U.S. government specifications approved by the armed forces." Opp'n at 3–4 (quoting McCaffery Report at 10) (internal quotation marks omitted). However, it is unclear whether this general statement about "materials used in the *construction* of aircraft and their components," *id.* at 3 (emphasis added), also refers to specifications requiring warnings. Moreover, this broad assertion does not address what Defendant Goodyear specifically did. Thus, the Court cannot conclude Defendant Goodyear has made a colorable showing that it provided the warnings required by the Air Force. *Cf. Leite*, 749 F.3d at 1124 ("Pantaleonie, a Crane vice-president, states that all of the equipment Crane sold to the Navy complied with Navy specifications, which would include the specifications regarding required warnings. . . . Plaintiffs do not raise evidentiary objections to these statements, which make a colorable showing that Crane provided the warnings required by the Navy.").

Based on the foregoing, the Court concludes Defendant Goodyear has failed to prove by a preponderance of the evidence that the colorable federal defense requirement for removal jurisdiction have been met. Because Defendant Goodyear has failed to meet the second element of the government contractor defense as to the failure-to-warn claims, the Court not need reach the other elements of the defense.

### b.     Causal Nexus

As noted above, the causal nexus requirement "is essentially the same as the colorable defense requirement." *Prewett*, 2009 WL 2959877, at *7. To satisfy the requirement, "[t]he defendant must show that the Government made a discretionary decision regarding product design that conflicted with state law, therefore *causing* the defendant to violate state law." *Id.* For the same reason there is no colorable federal defense, the Court concludes there is also no causal nexus with respect to the design defect claims. *See id.*

### B.     Defendants Pep Boys and IMO

As stated above, neither Pep Boys nor IMO opposes Plaintiffs' Motion. IMO stipulated not to oppose the Motion, Rivamonte Decl. Ex. N (Dkt. 453-7) ("Stipulation Between Plaintiffs and Defendant IMO Industries, Inc. Re: Plaintiffs' Motion to Remand"), and Pep Boys explicitly states it "is unaware of any evidence supporting the Government Contract defense that it asserted in its Answer" and that it "does not have

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. ED CV 15-0309-DOC (DTBx) | Date: March 9, 2016 |
| | Page 11 |

grounds to oppose," Declaration of Melinda M. Carrido ("Carrido Decl.") (Dkt. 457) ¶¶ 4–6.

## IV. Disposition

For the foregoing reasons, the Court hereby GRANTS Plaintiff's Motion to Remand as to all remaining Defendants – Pep Boys, IMO, and Goodyear. This case is REMANDED to Alameda County Superior Court, case number RG14752443.

The Clerk shall serve this minute order on all parties to the action.

| | |
|---|---|
| MINUTES FORM 11<br>CIVIL-GEN | Initials of Deputy Clerk: djg |